**David S. COLLINS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1237.**

United States Court of Veterans Appeals.

July 31, 1991.

Before FARLEY, Associate Judge.

### ORDER

On April 22, 1991, appellant filed his brief in which a remand for specific actions was suggested as a possible remedy for the case. The Secretary moved to stay proceedings until June 12, 1991, while the parties explored the possibility of seeking a joint remand of the case. On June 12, 1991, the effort to achieve a joint motion for remand appearing to have failed, the Secretary filed a motion for remand. Appellant filed an opposition to the motion on June 29, 1991.

The Secretary seeks a remand "for further evidentiary development and readjudication of the claim." Specifically, the Secretary believes that a remand is necessary because the Board of Veterans' Appeals (BVA or Board) was obligated by regulation to return the claim to the Regional Office (RO) once it found that the diagnosis of post traumatic stress disorder (PTSD) was not substantiated by the record. Appellant opposes the remand, arguing that the VA is bound by the diagnosis of PTSD and the only issue is whether the PTSD is service connected.

On September 28, 1988, a psychiatric rating examination was performed on appellant by James W. Doolos, M.D., a VA physician. Dr. Doolos gave a psychiatric diagnosis of "Post–Traumatic Stress Disorder, mild, chr[onic], in partial remission." R. at 81. His added comment would appear to indicate a lack of total conviction: "There is no other clear-cut diagnostic category suggested from this interview." *Id.*

The Board, perhaps motivated by the psychiatrist's less than convincing diagnosis, issued a decision on July 31, 1990, which is not a model of clarity. On the same page of the decision the following four conclusions appear:

> [H]e does not otherwise meet the diagnotic [sic] criteria necessary to substantiate the diagnosis of PTSD.
>
> Based on the foregoing, post-traumatic stress disorder is not warranted.
>
> There is insufficient evidence to show that the veteran has post-traumatic stress disorder related to service in World War II.
>
> Post-traumatic stress disorder was not incurred during wartime service.

*David S. Collins,* BVA 90–26371, at 4 (July 31, 1990)

It is impossible for this Court to tell whether the Board ruled that the veteran did not have PTSD or that the veteran did not have PTSD as a direct result of his service. If the former interpretation is correct, then the Secretary's position, that the claim must be returned to the RO pursuant to 38 C.F.R. § 4.126 (1990), would have merit. If, however, the Board only ruled on service connection and did not make a medical judgment with respect to the diagnosis of PTSD, then appellant would appear to have the better of the argument.

Nevertheless, this confusion points up the shortcomings of the Board's decision and the need for a remand to permit further development and clarification by the Board of its decision. As we have recently noted, "[a] remand is meant to entail a critical examination of the justification for the decision", *Fletcher v. Derwinski,* 1 Vet. App. 394, 397 (July 16, 1991), and not just a superficial rewriting of the decision.

Accordingly; it is hereby

ORDERED that the Secretary's motion for remand is granted; it is further

ORDERED that the Board's July 31, 1990, decision is VACATED and the matter is REMANDED pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)) to permit further development, including an examination, if necessary, and readjudication.